**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE S. BACA,**
        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:06-cv-1644-Orl-18UAM**

**ZEE AUTO CENTER, INC.,**
**d/b/a Zee Auto Glass,**
**IMRAN CHAUDHRY,**
        **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO QUASH SERVICE AND ALTERNATIVE MOTION FOR EXTENSION OF TIME TO RESPOND (Doc. No. 32)** |
| **FILED:** | **June 28, 2007** |

**THEREON** it is **ORDERED** that the motion should be **GRANTED**.

**MOTION TO QUASH**

Defendant Imran Chaudry moves pursuant to Federal Rule of Civil Procedure 4(e) and (m) to quash service of process upon him. Plaintiff's process server stated in his affidavit of service that service was effected by leaving the summons and complaint on the doorstep of Chaudry's residence after speaking separately to two unidentified women. Doc. 32-4. The first woman stated that Chaudry was in the shower. *Id*. The second woman stated Chaudry was not home. *Id*. The process

server further stated that he believed the second woman to be Sofia Naseem, who is vice president of the defendant corporation. *Id*.

Chaudry has filed an affidavit by Sofia Naseem in support of his motion to quash. Naseem admits that she resides at the location where the summons and complaint were left, but denies that she at home at the time the process allegedly was served. Doc. 32-5. Naseem contends that it was her housekeeper and the housekeeper's daughter who answered the door, and neither reside at her home. *Id*. Plaintiff has failed to respond to the motion or to offer any evidence to establish that it was Naseem who answered the door.

Based on Naseem's affidavit, Chaudry contends that Plaintiff failed to effect service pursuant to Fed. R. Civ. Pro. 4(e)(1) as the service does not comply with Florida law. Florida law allows service of an individual "by delivering a copy of [the summons and complaint] to the person to be served ... or by leaving the copies at [a Defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1). As neither the housekeeper nor her daughter reside in Chaudry's home, leaving the summons and complaint on the doorstep after speaking to these individuals fails to effect service of process upon Chaudry.

**IT IS RECOMMENDED THAT** Chaudry's motion to quash service of process be granted.

**COURT'S MOTION TO DISMISS CHAUDRY**

Pursuant to Local Rule 3.10, the Court on its own motion further recommends that Chaudry be dismissed as a defendant due to Plaintiff's failure to prosecute his case by timely effecting service of process. Plaintiff's complaint was filed on October 23, 2006. Docket 1. More than 260 days have

passed since the filing of the complaint. This is well beyond the 120 days allowed for service by Fed. R. Civ. P. 4(m).

On February 26, 2007, the Court issued an order to show cause why the complaint should not be dismissed for failure to serve Chaudry. Docket 12. Plaintiff responded by stating counsel had mistakenly failed to seek an extension of time to serve Chaudry. Docket 16. A week later, Plaintiff filed a motion requesting an extension of time to effect service. Docket 17. On April 13, 2007, the Honorable James G. Glazebrook denied the motion without prejudice because Plaintiff failed to provide sufficient proof that he had made reasonable and diligent efforts to serve Chaudry. Docket 20.

On April 25, 2007, Plaintiff renewed his motion for an extension of time, and Judge Glazebrook denied the motion without prejudice for failure to comply with Local Rule 3.01(g). Docket 21, 22. Plaintiff filed a third motion for an extension of time on April 27, 2007. Docket 23. On May 17, 2007, Plaintiff filed the return of service discussed above, which purported to show Chaudry had been served. Docket 29. Based on the return of service, the Honorable Karla R. Spaulding denied as moot Plaintiff's request for an extension of time. Docket 30.

A review of Plaintiff's last request for an extension of time to complete service reveals the same type of generalized statements regarding service efforts that Judge Glazebrook found to be insufficient. There is no particularized statement about when information was garnered about Chaudry's location or any dates of attempted service. Chaudry's counsel conferred with Plaintiff's counsel prior to filing the motion to quash, and Plaintiff has known of the disputed service. Despite knowing of the dispute and the inability to produce any evidence proving effective service, Plaintiff has not corrected the defective service.

Plaintiff's conduct throughout the litigation has shown a lack of diligence in prosecuting his claim against Chaudry. **IT IS RECOMMENDED THAT** the Court dismiss Chaudry as a party to the action.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 18, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE